UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARLON E. PAGTAKHAN, | No. C 09-5495 SI (pr) |
| Petitioner, | **ORDER OF PARTIAL DISMISSAL AND TO SHOW CAUSE** |
| v. | |
| ED FOULK, | |
| Respondent. | |

## INTRODUCTION

Marlon Pagtakhan, involuntarily in custody at Napa State Hospital ("NSH"), has filed a petition for writ of habeas corpus under 28 U.S.C. §§ 2241 and 2254. His petition is now before the court for review pursuant to 28 U.S.C. § 2243 and Rule 4 of the Rules Governing Section 2254 Cases ("Rule 4").

## BACKGROUND

A criminal case is pending against Pagtakhan in San Mateo County Superior Court in which he has been charged with multiple counts of stalking, stalking with a prior conviction for stalking, and making criminal threats. His petition indicates that he was arrested on August 11, 2007, and arraigned shortly thereafter. Before the preliminary hearing was held, Pagtakhan's attorney declared a doubt about his competency. That eventually led to mental exams and a determination that he was not competent to stand trial. Pagtakhan was found not competent to stand trial on October 24, 2007, and was committed to the California Department of Mental

Health on November 16, 2007. See Petition exhibits, Order Of Denial in In Re: Pagtakhan, San Mateo County Superior Court Case Nos. MH 463328A and HC 1973. Pagtakhan remains in custody at Napa State Hospital pursuant to that October 24, 2007 commitment under California Penal Code § 1370. Petition, p. 1. In the petition filed in this action, Pagtakhan has alleged twenty claims that concern his commitment, his criminal case in San Mateo County Superior Court and various disputes he has with his alleged victims.

This is not Pagtakhan's first action in this court. In 2008, he filed a civil rights action that alleged numerous claims concerning the criminal proceedings against him. Pagtakhan v. Doe, C 08-2188 SI. Most of the claims were dismissed, and what little part of the complaint remained was stayed because it could not go forward in light of Heck v. Humphrey, 512 U.S. 477 (1994), and Wallace v. Kato, 549 U.S. 384, 393 (2007). See Order To Stay Proceedings and Administratively Close Case in Pagtakhan v. Doe, C 08-2188 SI.

He also filed a petition for writ of habeas corpus, Pagtakhan v. Horsley, No. C 07-6384 SI, while he was in the county jail. In that petition, Pagtakhan complained about numerous problems connected to his criminal prosecution and the mental competency determinations. Among other things, he complained that police conducted an unlawful search in violation of his Fourth Amendment rights, he was subjected to improper interrogation in violation of his Fifth Amendment rights, excessive bail was imposed after the arraignment, his right to due process was violated by the prosecutor's disclosure of information, a conspiracy (comprised of the prosecutor, defense counsel and doctors) fraudulently used the competency proceedings to send him to a mental hospital, and he was denied his right to a speedy trial. The court dismissed the petition with this explanation:

> This court may entertain a petition for a writ of habeas corpus under 28 U.S.C. § 2241(c)(3) by a person who is in custody but not yet convicted or sentenced. See McNeely v. Blanas, 336 F.3d 822, 824 n.1 (9th Cir. 2003); Application of Floyd, 413 F. Supp. 574, 576 (D. Nev. 1976). Although there is no exhaustion requirement for a petition brought under 28 U.S.C. § 2241(c)(3), principles of federalism and comity require that this court abstain until all state criminal proceedings are completed and the petitioner exhausts available judicial state remedies, unless special circumstances warranting federal intervention prior to a state criminal trial can be found. See Carden v. Montana, 626 F.2d 82, 83-84 & n.1 (9th Cir.), cert. denied, 449 U.S. 1014 (1980); see also Younger v. Harris, 401 U.S. 37, 43-54 (1971) (under principles of comity and federalism, a federal court should not interfere with ongoing state criminal proceedings

>    by granting injunctive or declaratory relief absent extraordinary circumstances). The special circumstances that might warrant federal habeas intervention before trial include proven harassment, bad faith prosecutions and other extraordinary circumstances where irreparable injury can be shown. Carden, 626 F.2d at 84 (violation of speedy trial right not alone an extraordinary circumstance). Because Pagtakhan has not shown special circumstances that warrant federal intervention before the trial is held and any appeal is completed, this court will abstain and dismiss the petition without prejudice. See id. at 84. The alleged problems that Pagtakhan claims he is enduring are matters that can and should be addressed in the first instance by the trial court, and then by the state appellate courts, before he seeks a federal writ of habeas corpus. [¶] The dismissal of this action is without prejudice to Pagtakhan filing a new habeas petition, but he should not file a new federal petition for writ of habeas corpus unless he gets convicted or committed and then not until his direct appeal and state habeas proceedings have concluded and he has given the state's highest court a fair opportunity to rule on each of his claims.

Order Of Dismissal in Pagtakhan v. Horsley, No. C 07-6384 SI.

The circumstances have changed since that dismissal. Pagtakhan states that he has exhausted state court remedies as to his claims. He remains in custody, but now is in a state mental hospital instead of county jail. Significantly, however, the criminal case remains pending and his commitment to a state mental hospital occurred before he had a trial on the criminal offenses.

## DISCUSSION

A.  Review Of Petition

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A person "in custody in violation of the Constitution or laws or treaties of the United States" may file a petition for writ of habeas corpus to challenge that custody. See 28 U.S.C. § 2241(c)(3). A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.

The petition in this action asserts numerous claims pertaining to the criminal case against Pagtakhan, claims against the alleged victims of his alleged crimes and people involved in his criminal case, and claims regarding the commitment proceedings. The first two groups of claims

3

may not go forward here.

The claims in the petition concerning the criminal case pending against him are dismissed for the same reasons stated in the Order Of Dismissal in Pagtakhan v. Horsley, No. C 07-6384 SI: principles of federalism and comity require that this court abstain until all state criminal proceedings are completed and the petitioner exhausts available judicial state remedies because special circumstances warranting federal intervention prior to a state criminal trial do not exist in this case. Claims 1-9, 11, 12, and 15-20 are dismissed. These claims – for illegal arrest, compelled interrogation, illegal search and seizure, excessive bail, false police reports, selective prosecution, pretrial delay, denial of jury trial, etc. – are routine claims pertaining to the pending criminal case that will not be entertained in a federal habeas action unless and until Pagtakhan is convicted and exhausts state court remedies as to such claims. This is not to say that the claims would be cognizable at that point in time, as some of them (such as the Fourth Amendment claims and the claim of enslavement by the victims) would not be cognizable at any time in a habeas action, but simply that they are at least premature now.

At various places in his petition, Pagtakhan also appears to attempt to incorporate allegations from a civil complaint he filed in state superior court against some of his alleged victims and various actors in the criminal proceeding. Such claims have no place in a federal habeas action. A federal habeas action tests the legality of the petitioner's custody and is not a forum to litigate claims for damages. Further, as explained in the Order To Stay Proceedings and Administratively Close Case in Pagtakhan v. Doe, C 08-2188 SI, claims for damages cannot go forward at this time to the if they would implicate the validity of the criminal proceedings now pending.

The only claims that may proceed here are the claims pertaining to Pagtakhan's allegedly improper commitment to a mental hospital pursuant to California Penal Code § 1370. For present purposes, the court assumes that the commitment of a criminal defendant to a state mental hospital would be a special circumstance that would warrant habeas consideration before the criminal trial and appeal concludes. Waiting for the conclusion of all state criminal proceedings and appeals therefrom might deprive Pagtakhan of a meaningful opportunity to have

4

federal habeas review of the commitment order. Being involuntarily placed in a mental hospital if one does not belong there might be a case of an irreparable injury that would make federal habeas relief possible notwithstanding that the order has been issued in connection with ongoing state criminal proceedings.

Commitment to a mental hospital produces a massive curtailment of liberty and consequently requires due process protection. See Vitek v. Jones, 445 U.S. 480, 491-92 (1980). This is true even where the person is already a prisoner in custody of the state or federal government. See id. at 493-94. If the commitment hearing is considered a civil matter, the constitutional rights to which a defendant in a criminal trial is entitled do not adhere to a respondent in a commitment hearing. See United States v. Budell, 187 F.3d 1137, 1141 (9th Cir. 1999). Nonetheless, the Supreme Court has held that procedural due process guarantees certain protections to civil commitment respondents. See Vitek, 445 U.S. at 491-94. In Vitek, the Court identified minimum safeguards to which due process entitled a respondent in a civil commitment proceeding, including notice and an opportunity to be heard, as well as to cross-examine witnesses and have an independent advisor (although not necessarily an attorney). See id. at 494-96; Carty v. Nelson, 426 F.3d 1064, 1074 (9th Cir.), amended, 431 F.3d 1185 (9th Cir. 2005). Here, Pagtakhan alleges that (a) "[p]rosecutors conspired with court-appointed counsel and doctors to fraudulently abuse the competency proceedings which violated the 14th Amendment's Due Process Clause," (Petition, p. 19 (Claim 10)) (b) Pagtakhan's "fraudulent misdiagnosis by court-appointed doctors violated the 14th Amendment's Due Process Clause," id. at 23 (Claim 13) and (c) he "was subjected to an illegal commitment obtained by a violation of and resulting in a violation of the 14th Amendment's Due Process Clause," id. at 24 (Claim 14). Although most of the allegations within these claims do not allege a violation of any constitutionally protected right, his discussion, liberally construed, suggests that he did not receive effective assistance from his counsel, that he was denied the opportunity to cross-examine witnesses (i.e., the doctors), and that the evidence was insufficient to support the commitment order. These claims warrant a response from respondent. All other claims are dismissed.

B.  Motion To Advance Case

Petitioner filed a "motion to advance proceedings." The gist of this motion is that this court should hurry its consideration of this case because he is innocent of the charges and the state courts are not providing the relief he wants. The motion is DISMISSED. (Docket # 2.) As explained above, this court will abstain from hearing any claims related to the criminal proceeding except the claims pertaining to the competency proceeding. This order will move this case toward resolution as to the particular claims that have been found cognizable, as it requires respondent to respond to the petition. To the extent the petitioner wants the case to move expeditiously, that is much more likely to happen if he keeps his presentations focused and refrains from trying to expand the discussion beyond those few claims pertaining to the competency proceeding that the court has found cognizable.

**CONCLUSION**

For the foregoing reasons,

1. The petition states cognizable due process claims with regard to the competency proceeding. Specifically, the claims that petitioner did not receive effective assistance from his counsel in connection with the competency proceedings, that he was denied the opportunity to cross-examine witnesses (i.e., the doctors) at the competency hearing, and that the evidence was insufficient to support the commitment order warrant a response. All other claims are dismissed.

2. The clerk shall serve by certified mail a copy of this order, the petition and all attachments thereto upon respondent and respondent's attorney, the Attorney General of the State of California. The clerk shall also serve a copy of this order on petitioner.

3. Respondent must file and serve upon petitioner, on or before **April 30, 2010**, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued. Respondent must file with the answer a copy of all portions of the court proceedings relating to the competency decision that have been previously transcribed and that are relevant to a determination of the issues presented

1 by the petition.

2     4.    If petitioner wishes to respond to the answer, he must do so by filing a traverse with the court and serving it on respondent on or before **June 4, 2010**. The traverse, including the memorandum of points and authorities, may not exceed 20 pages in length. Petitioner is cautioned that the type-font on his documents is too small; in the future, he must comply with N.D. Cal. Local Rule 3-4(c), which requires, among other things, that any typed/word-processed filings have type that is no smaller than 12 point type, be double-spaced and have no more than 28 lines per page.

    5.    Petitioner is responsible for prosecuting this case. Plaintiff must promptly keep the court informed of any change of address and must comply with the court's orders in a timely fashion.

    6.    Petitioner is cautioned that he must include the case name and case number for this case on any document he submits to this court for consideration in this case.

    7.    The motion to advance the case is DISMISSED. (Docket # 2.)

IT IS SO ORDERED.

DATED: February 22, 2010

                              SUSAN ILLSTON
                            United States District Judge