**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARLON E. PAGTAKHAN,<br><br>    Petitioner,<br><br>  v.<br><br>ED FOULK,<br><br>    Respondent.<br>_____ / | No. C 09-5495 SI (pr)<br><br>**ORDER DENYING MOTION FOR PRELIMINARY INJUNCTION** |

     Marlon Pagtakhan, a pretrial detainee involuntarily committed to Napa State Hospital pending a restoration of his competency to stand trial, filed a petition for writ of habeas corpus under 28 U.S.C. § 2241. The court reviewed his petition and determined that "[t]he only claims that may proceed here are the claims pertaining to Pagtakhan's allegedly improper commitment to a mental hospital pursuant to California Penal Code § 1370." Order of Partial Dismissal And To Show Cause, p. 4.

     Pagtakhan now moves for a preliminary injunction to prevent the forced administration of medication to him. In his motion, he contends that the State is filing a "Sell petition" in San Mateo County Superior Court to allow Pagtakhan to be involuntarily medicated. Motion, p. 1-2. He wants to stop the petition or stop the medication because he believes he does not have the delusional disorder the psychiatrists have diagnosed. He further argues that the effort to medicate him is "an unnecessary and sham effort to justify the unlawful commitment PAGTAKHAN contests and a 'last minute attempt to make PAGTAKHAN appear treated and competent to stand trial.'" Id. at 2.

Pagtakhan's mention of a "Sell petition" appears to be a reference to the case of Sell v. United States, 539 U.S. 166, 179 (2003), in which the U.S. Supreme Court determined that the "Constitution permits the Government involuntarily to administer antipsychotic drugs to a mentally ill defendant facing serious criminal charges in order to render that defendant competent to stand trial, but only if the treatment is medically appropriate, is substantially unlikely to have side effects that may undermine the fairness of the trial, and, taking account of less intrusive alternatives, is necessary significantly to further important governmental trial-related interests."   Sell set out criteria for a court to consider in evaluating a request for involuntary medication, and did not provide a right to avoid having such a petition considered in the first instance.

Pagtakhan wants to derail the Sell petition in his state criminal case by having this court enjoin the state court proceedings and any medication order from the state court. The requested injunction is not within the scope of the pending habeas action, which is limited to challenging the order committing Pagtakhan to the state mental hospital and does not encompass any medication decisions.   Under principles of comity and federalism, a federal court should not interfere with ongoing state criminal proceedings by granting injunctive or declaratory relief absent extraordinary circumstances.  See Younger v. Harris, 401 U.S. 37, 43-54 (1971).  Abstention may be inappropriate in the "extraordinary circumstance" that (1) the party seeking relief in federal court does not have an adequate remedy at law and will suffer irreparable injury if denied equitable relief, see Mockaitis v. Harcleroad, 104 F.3d 1522, 1528 (9th Cir. 1997) (citing Younger, 401 U.S. at 43-44), or (2) the state tribunal is incompetent by reason of bias, see Gibson v. Berryhill, 411 U.S. 564, 577-79 (1973).  Extraordinary circumstances that would warrant federal intervention in the state criminal proceedings are not present with respect to a petition to involuntarily medicate Pagtakhan to make him competent to stand trial.  Forced medication is a very serious decision, but gravity of the decision does not mean that the state court is unable to make it.  Pagtakhan's arguments about the impropriety of medicating him should be made to the San Mateo County Superior Court in opposition to the Sell petition.  He has shown no reason for this court to interfere with the state court's

consideration of that petition.  For the foregoing reasons, the motion for a preliminary injunction is DENIED.  (Docket # 8.)

IT IS SO ORDERED.

DATED: September 21, 2010

_____
SUSAN ILLSTON
United States District Judge

3