UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARLON E. PAGTAKHAN,<br><br>    Petitioner,<br><br>    v.<br><br>ED FOULK,<br><br>    Respondent.<br>_____ / | No. C 09-5495 SI (pr)<br><br>**ORDER DIRECTING PARTIES TO SHOW CAUSE WHY PETITION SHOULD NOT BE DISMISSED AS MOOT** |

        On November 19, 2009, pro se petitioner Marlon Pagtakhan, a pretrial detainee involuntarily committed to Napa State Hospital pending a restoration of his competency to stand trial in San Mateo County Superior Court, filed a petition for writ of habeas corpus under 28 U.S.C. § 2241. His petition indicates that he was arrested on August 11, 2007, and arraigned shortly thereafter on charges of multiple counts of stalking, stalking with a prior conviction for stalking, and making criminal threats. Before the preliminary hearing was held, Pagtakhan's attorney declared a doubt about his competency. That eventually led to mental exams and a determination on October 24, 2007 that Pagtakhan was not competent to stand trial; he subsequently was committed to the California Department of Mental Health on November 16, 2007. See Petition Exhibits, Order Of Denial in In Re: Pagtakhan, San Mateo County Superior Court Case Nos. MH 463328A and HC 1973.

After reviewing the petition, the court determined that "[t]he only claims that may proceed here are the claims pertaining to Pagtakhan's allegedly improper commitment to a mental hospital pursuant to California Penal Code § 1370." Order of Partial Dismissal And To Show Cause, p. 4. The court then identified those claims as ineffective assistance of counsel, denial of the opportunity to cross examine witnesses (i.e., the doctors), and insufficient evidence to support the commitment order. Id., p. 5. Respondent has filed an answer and petitioner has filed a traverse.

Petitioner also has filed numerous documents with the court, although it is unclear precisely what relief petitioner seeks. In one document, entitled "Addendum Brief on Continued Barratry, Fraud, and Misrepresentation in the State Court," petitioner appears to suggest that in December 2010, he was returned to San Mateo County Superior Court and new competency proceedings were initiated against him. Id., p. 2. If this indeed is the case, the court now must determine if his petition regarding his October 2007 competency proceedings has been rendered moot.

Article III, § 2 of the United States Constitution requires the existence of a case or controversy through all stages of federal judicial proceedings. This means that throughout the litigation the party pursuing the action must have suffered, or be threatened with, an actual injury which is traceable to the responding party, and which is likely to be redressed by a favorable judicial decision. Lewis v. Continental Bank Corp., 494 U.S. 472, 477 (1990).

For instance, an incarcerated convict's challenge to the validity of his conviction satisfies the case or controversy requirement because the incarceration constitutes a concrete injury caused by the conviction and redressable by the invalidation of the conviction. Spencer v. Kemna, 523 U.S. 1, 7 (1998). Once the convict's sentence has expired, however, some concrete and continuing injury other than the now-ended incarceration or parole – some "collateral consequence" of the conviction – must exist if the suit is to be maintained and not considered moot. Id.

Courts may presume that a criminal conviction has continuing collateral consequences. See Spencer, 523 U.S. at 8–12; see also Evitts v. Lucey, 469 U.S. 387, 391 n.4 (1985) (accepting

as collateral consequence possibility that conviction may be used in future criminal proceeding to enhance sentence).  But a challenge to a prison sentence becomes moot once the sentence has been served unless the petitioner can show that he continues to suffer collateral consequences. See United States v. Palomba, 182 F.3d 1121, 1123 (9th Cir. 1999).  This same rationale applies to a challenge to the revocation of parole if the underlying sentence has expired, see Spencer, 523 U.S. at 14–18, or if the term imposed for violating parole has been served, see Cox v. McCarthy, 829 F.2d 800, 803 (9th Cir. 1987) (claim moot because petitioner cannot be released from term that he has already served for violating parole).  Claims of detriment from the revocation in a future parole or sentencing proceeding, impeachment in a future criminal or civil proceeding, or use against the petitioner should he appear as a defendant in a future criminal proceeding do not constitute sufficient proof of collateral consequences.  See Spencer, 523 U.S. at 14–16.

Here, of course, neither a criminal conviction nor a parole revocation is at issue.  But applying the general legal principles regarding the issue of mootness, the court finds that Pagtakhan's pending challenge to his October 2007 competency proceedings – if in fact new competency proceedings have been initiated – is comparable to a parolee's challenge to the validity of his revocation proceedings once the underlying sentence has expired or the revocation term has been served.  That is, absent a showing of collateral consequences, Pagtakhan's challenge to his October 2007 competency proceedings is moot.

Accordingly, **within fifteen (15) days of the date of this order**, both parties are **ORDERED TO  SHOW CAUSE** why the petition should not be dismissed as moot.  The failure to do so will result in the dismissal of the petition with prejudice.

**IT IS SO ORDERED**.

DATED: April 12, 2011

SUSAN ILLSTON
United States District Judge