UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARLON E. PAGTAKHAN,<br><br>    Petitioner,<br><br>    v.<br><br>ED FOULK,<br><br>    Respondent.<br>_____/ | No. C 09-5495 SI (pr)<br><br>**ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS**<br><br>Docket Nos. 23, 24, 30 & 35 |

**INTRODUCTION**

Petitioner Marlon Pagtakhan, a pretrial detainee involuntarily committed to Napa State Hospital pending a restoration of his competency to stand trial in San Mateo County Superior Court, filed this pro se action seeking a writ of habeas corpus under 28 U.S.C. § 2241. Pagtakhan seeks relief in the form of enjoining all further state proceedings and his immediate release from state custody.

As set forth below, because state proceedings regarding Pagtakhan's competency to stand trial are ongoing, the court must abstain from entertaining his federal petition. The petition will be DISMISSED without prejudice subject to Pagtakhan refiling once state proceedings have

been completed.[1]

## BACKGROUND

On November 19, 2009, pro se petitioner Marlon Pagtakhan, a pretrial detainee involuntarily committed to Napa State Hospital pending a restoration of his competency to stand trial in San Mateo County Superior Court, filed a petition for writ of habeas corpus under 28 U.S.C. § 2241. Doc. No. 1. His petition indicates he was arrested on August 11, 2007, and arraigned shortly thereafter on charges of multiple counts of stalking, stalking with a prior conviction for stalking, and making criminal threats. Before the preliminary hearing was held, Pagtakhan's attorney declared a doubt about his competency. That eventually led to mental examinations and a determination on October 24, 2007 that Pagtakhan was not competent to stand trial; he subsequently was committed to the California Department of Mental Health on November 16, 2007. See Doc. No. 1, Petition Exhibits, Order Of Denial in In Re: Pagtakhan, San Mateo County Superior Court Case Nos. MH 463328A and HC 1973.

After reviewing the petition filed here, the court determined that "[t]he only claims that may proceed here are the claims pertaining to Pagtakhan's allegedly improper commitment to a mental hospital pursuant to California Penal Code § 1370." Doc. No. 3, Order of Partial Dismissal And To Show Cause, p. 4. The court then identified those claims as ineffective assistance of counsel, denial of the opportunity to cross examine witnesses (i.e., the doctors) and insufficient evidence to support the commitment order. Id., p. 5. Respondent has filed an answer and Pagtakhan has filed a traverse. See Doc. Nos. 6 &7.

After the matter was submitted, Pagtakhan filed numerous documents with the court, some of which appeared to suggest that Pagtakhan had been returned to San Mateo County Superior Court and that further competency proceedings had been initiated against him. See, e.g., "Addendum Brief on Continued Barratry, Fraud, and Misrepresentation in the State Court,"

---

[1] Because the court must abstain from entertaining Pagtakhan's habeas petition, his pending motions for reconsideration of the denial of his motion for speedy trial (Doc. No. 23), appointment of counsel (Doc. No. 24) and oral argument (Doc. No. 30), and his "Ex Parte Motion to Advance Proceedings (and Request for Immediate Habeas Corpus Relief)" (Doc. No. 35), also are DISMISSED.

1 p. 2. Given the possibility that further competency proceedings may have rendered the present
2 petition moot, the court directed the parties to show cause addressing the issue of mootness, and
3 the parties complied. See Doc. Nos. 11 & 21.

4 According to respondent's answer to the order to show cause, in December 2010 the San
5 Mateo County District Attorney's office requested a current mental health evaluation for
6 Pagtakhan and intended to pursue a "Murphy conservatorship" against him if that evaluation
7 indicated he remained incompetent to stand trial.[2] See Doc. No. 26, Response to Order to Show
8 Cause Re: Mootness, p. 2. Respondent also noted, based on the information conveyed by the
9 county prosecutor, "it appears that at the present time the habeas petition is not moot, as
10 petitioner is currently being detained as incompetent pursuant to the 2007 proceeding he has
11 challenged in his habeas petition. However, if he is placed under a conservatorship, the petition
12 will likely be moot." Id.

13 On September 16, 2011, respondent filed an "Update to Status of State Court
14 Proceedings," explaining that Pagtakhan is awaiting a conservatorship trial, set for October 13,
15 2011, and that his pending criminal trial is trailing the conservatorship proceedings. Doc. No.
16 37 at 1.

## DISCUSSION

**A.      Younger Abstention**

19 This court may entertain a petition for a writ of habeas corpus under 28 U.S.C. §
20 2241(c)(3) by a person who is in custody but not yet convicted or sentenced. See McNeely v.
21 Blanas, 336 F.3d 822, 824 n.1 (9th Cir. 2003); Application of Floyd, 413 F. Supp. 574, 576 (D.
22 Nev. 1976). Although there is no exhaustion requirement for a petition brought under 28 U.S.C.
23 § 2241(c)(3), principles of comity and federalism require that a federal district court abstain and
24 not entertain a pretrial habeas challenge unless the petitioner shows that: (1) he has exhausted

---

[2] A "Murphy conservatorship" refers to a conservatorship under California Welfare and Institutions code section 5008(h)(1)(B). See Conservatorship of Murphy, 134 Cal. App.3d 15 (1982); People v. Karriker, 149 Cal.App.4th 763, 774–777, 780–781 (2007). That code section refers to a person previously found incompetent to stand trial under California Penal Code section 1370 and who presently is "gravely disabled" and consequently remains incompetent to stand trial for criminal charges.

3

available state judicial remedies, and (2) "special circumstances" warrant federal intervention. Carden v. Montana, 626 F.2d 82, 83–84 (1980); see also Younger v. Harris, 401 U.S. 37, 43–54 (1971) (under principles of comity and federalism, a federal court should not interfere with ongoing state criminal proceedings by granting injunctive or declaratory relief absent extraordinary circumstances).

Younger abstention is required when: (1) state proceedings, judicial in nature, are pending; (2) the state proceedings involve important state interests; and (3) the state proceedings afford adequate opportunity to raise the constitutional issue. See Middlesex County Ethics Comm. v. Garden State Bar Ass'n., 457 U.S. 423, 432 (1982); Dubinka v. Judges of Superior Court, 23 F.3d 218, 223 (9th Cir. 1994). All three elements must be present. Agriesti v. MGM Grand Hotels, Inc., 53 F.3d 1000, 1001 (9th Cir. 1995) (abstention improper where arrest and issuance of citation were executive acts not judicial in nature, and only potential for future state judicial proceedings existed). A fourth requirement, articulated by the Ninth Circuit, is that "the federal court action would enjoin the state proceeding or have the practical effect of doing so, i.e., would interfere with the state proceeding in a way that Younger disapproves." SJSVCCPAC v. City of San Jose, 546 F.3d 1087, 1092 (9th Cir. 2008) (citing cases). Although abstention is the exception, not the rule, see World Famous Drinking Emporium, Inc. v. City of Tempe, 820 F.2d 1079, 1082 (9th Cir. 1987), Younger and its companion cases generally require a federal district court to abstain from granting injunctive relief when state criminal actions or certain categories of state civil or administrative proceedings are pending against the federal plaintiff at the time he or she commences the federal action. See Pennzoil Co. v. Texaco, Inc., 481 U.S. 1, 10–18 (1987).

Abstention may be inappropriate in the "extraordinary circumstance" that: (1) the party seeking relief in federal court does not have an adequate remedy at law and will suffer irreparable injury if denied equitable relief, see Mockaitis v. Harcleroad, 104 F.3d 1522, 1528 (9th Cir. 1997) (citing Younger, 401 U.S. at 43–44); or (2) the state tribunal is incompetent by reason of bias, see Gibson v. Berryhill, 411 U.S. 564, 577–79 (1973). For instance, special circumstances that might warrant federal habeas intervention before trial include proven

4

harassment, bad faith prosecutions and other extraordinary circumstances where irreparable injury can be shown. Carden, 626 F.2d at 84 (violation of Sixth Amendment right to a speedy trial not alone an extraordinary circumstance).

**B.    Competency Proceedings Under California Statutory Law**

California Penal Code section 1367 prohibits the trial or punishment of a mentally incompetent person, as follows:

> A person cannot be tried or adjudged to punishment while that person is mentally incompetent. A defendant is mentally incompetent for purposes of this chapter if, as a result of mental disorder or developmental disability, the defendant is unable to understand the nature of the criminal proceedings or to assist counsel in the conduct of a defense in a rational manner.

Id., subd. (a).[3]

At the time of Pagtakhan's pre-trial proceedings, California Penal Code section 1368 read in relevant part:

> . . . .
>
> (b)    If counsel informs the court that he believes the defendant is or may be mentally incompetent, the court shall order that the question of the defendant's mental competence is to be determined in a hearing which is held pursuant to Sections 1368.1 and 1369. If counsel informs the court that he or she believes the defendant is mentally competent, the court may nevertheless order a hearing. Any hearing shall be held in the superior court.
>
> (c)    Except as provided in Section 1368.1, when an order for a hearing into the present mental competence of the defendant has been issued, all proceedings in the criminal prosecution shall be suspended until the question of the present mental competence of the defendant has been determined.

Id. Once defense counsel has declared a doubt as to the defendant's competency, "[t]he court court shall appoint a psychiatrist or licensed psychologist, and any other expert the court may deem appropriate, to examine the defendant." Cal. Penal Code § 1369, subd. (a). The examining doctors must then:

> evaluate the nature of the defendant's mental disorder, if any, the defendant's ability or inability to understand the nature of the

---

[3] "It is well established that the Due Process Clause of the Fourteenth Amendment prohibits the criminal prosecution of a defendant who is not competent to stand trial." Medina v. California 505 U.S. 437, 439 (1992).

5

> criminal proceedings or assist counsel in the conduct of a defense in a rational manner as a result of a mental disorder and, if within the scope of their licenses and appropriate to their opinions, whether or not treatment with antipsychotic medication is medically appropriate for the defendant and whether antipsychotic medication is likely to restore the defendant to mental competence.

Id.

After a competency hearing is held and the defendant is determined incompetent to stand trial, the trial "shall be suspended until the person becomes mentally competent." Cal. Penal Code § 1370, subdivision (a)(1)(B). The court then "shall order that the mentally incompetent defendant be delivered by the sheriff to a state hospital for the care and treatment of the mentally disordered[] … ." Id., subd. (a)(1)(B)(i).

California Penal Code section 1370, subdivision (c)(1) provides the following limit on the duration of time a defendant may be committed to a state hospital for incompetency treatment:

> At the end of three years from the date of commitment or a period of commitment equal to the maximum term of imprisonment provided by law for the most serious offense charged in the information, indictment, or misdemeanor complaint, whichever is shorter, a defendant who has not recovered mental competence shall be returned to the committing court. The court shall notify the community program director or a designee of the return and of any resulting court orders.

Id. Once an incompetent defendant has been committed for the maximum commitment period and returned to the committing court, if it appears to the court that the defendant is "gravely disabled," the court shall order the county conservatorship investigator to initiate a "Murphy conservatorship." See People v. Karriker, 149 Cal.App.4th at 774–777; Cal. Penal code § 1370, subd. (c)(2); Cal. Welf. & Inst. Code § 5008, subd. (h)(1)(B). A person is considered "gravely disabled" under California Welfare and Institutions Code section 5008(h)(1)(B) if the following conditions are met:

> (i) The indictment or information pending against the defendant at the time of commitment charges a felony involving death, great bodily harm, or a serious threat to the physical well-being of another person.
>
> (ii) The indictment or information has not been dismissed.

6

> (iii) As a result of mental disorder, the person is unable to understand the nature and purpose of the proceedings taken against him or her and to assist counsel in the conduct of his or her defense in a rational manner.

Id. The court may impose a Murphy conservatorship if it finds the defendant, as a result of a mental disorder, "'represents a substantial danger of physical harm to others.'" Karriker, 149 Cal.App. 4th at 776; Conservatorship of Hofferber, 28 Cal.3d 161, 176–177 (1980). Alternatively, the court may dismiss the charges and order the defendant released, without prejudice to the initiation of alternative commitment proceedings under the Lanterman–Petris–Short Act.[4] Cal. Penal code § 1370, subd. (e); In re Davis, 8 Cal.3d 798, 806 (1973).

**C.  Analysis**

Here, the record shows that competency proceedings were initiated against Pagtakhan once his defense counsel declared a doubt about Pagtakhan's competency. Pagtakhan then underwent mental examinations and was found not competent to stand trial; he subsequently was committed to the California Department of Mental Health. See Doc. No. 1, Petition Exhibits, Order Of Denial in In Re: Pagtakhan, San Mateo County Superior Court Case Nos. MH 463328A and HC 1973. The record further demonstrates that at the end of Pagtakhan's three-year commitment and in accordance with California Penal Code section 1370, subdivision (c)(1), Pagtakhan became the subject of conservatorship proceedings. See Doc. No. 37, Update to Status of State Court Proceedings.

While it is clear from Pagtakhan's many filings with this court he is dissatisfied with his present situation, it is equally as clear that this action meets all the requirements for Younger abstention to apply. See Middlesex County Ethics Comm. v. Garden State Bar Ass'n., 457 U.S. at 432; Dubinka v. Judges of Superior Court, 23 F.3d at 223 (federal district court must abstain when: (1) state proceedings, judicial in nature, are pending; (2) the state proceedings

---

[4] Cal. Welf. & Inst. Code section 5000 et seq.

1  involve important state interests; and (3) the state proceedings afford adequate opportunity to
2  raise the constitutional issue); SJSVCCPAC v. City of San Jose, 546 F.3d at 1092 (federal
3  district court must abstain when "the federal court action would enjoin the state proceeding or
4  have the practical effect of doing so, i.e., would interfere with the state proceeding in a way that
5  Younger disapproves.").

6  Accordingly, the action is DISMISSED without prejudice. The clerk is directed to
7  terminate any pending motions as moot and close the file.

9  IT IS SO ORDERED.
10 DATED: October 3, 2011

_____
SUSAN ILLSTON
United States District Judge

26 G:\SI\HABEAS\2009\09-5495\09-5495.06.wpd